**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jakavis Green, Appellant.

Appellate Case No. 2023-000846

———————

Appeal From Beaufort County
Brooks P. Goldsmith, Circuit Court Judge
Carmen T. Mullen, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-384
Submitted November 1, 2025 – Filed November 26, 2025
Withdrawn, Substituted, and Refiled February 25, 2026

———————

**AFFIRMED**

———————

Appellate Defender Gary Howard Johnson, II, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

———————

**PER CURIAM:** Jakavis Green appeals his convictions for habitual traffic offender and driving under suspension (third offense) along with his concurrent sentences of four years' and ninety days' imprisonment, respectively. On appeal, Green argues the trial court erred by denying his motion to suppress because section 56-5-2120(b) of the South Carolina Code (2018) is unconstitutionally vague, and as a result, law enforcement lacked reasonable suspicion to initiate the traffic stop. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

We hold the trial court did not err by denying Green's motion to suppress because the officer had reasonable suspicion for the traffic stop based on his good-faith understanding of the statute and the record contains no evidence of police misconduct that would warrant exclusion. *See State v. Frasier*, 437 S.C. 625, 633-34, 879 S.E.2d 762, 766 (2022) (explaining appellate courts "review the trial court's factual findings for any evidentiary support, but the ultimate legal conclusion—in this case whether reasonable suspicion exists—is a question of law subject to de novo review"); *State v. Butler*, 353 S.C. 383, 389, 577 S.E.2d 498, 501 (Ct. App. 2003) ("The stopping of a vehicle and the detention of its occupants constitutes a seizure and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures."); *State v. Provet*, 405 S.C. 101, 108, 747 S.E.2d 453, 457 (2013) (stating violation of a motor vehicle code "provides an officer reasonable suspicion to initiate a traffic stop"); *Heien v. North Carolina*, 574 U.S. 54, 60 (2014) ("[R]easonable suspicion can rest on a mistaken understanding of the scope of a legal prohibition."); *Davis v. United States*, 564 U.S. 229, 246 (2011) ("[T]he *sole* purpose of the exclusionary rule is to deter misconduct by law enforcement."); *United States v. Leon*, 468 U.S. 897, 918-19 (1984) (stating the exclusionary rule should not be applied "to deter objectively reasonable law enforcement activity"); *State v. German*, 439 S.C. 449, 474, 887 S.E.2d 912, 925 (2023) ("Where there is no misconduct and no deterrent purpose to be served, suppression of the evidence is an unduly harsh sanction." (quoting *State v. Adams*, 409 S.C. 641, 653, 763 S.E.2d 341, 348 (2014))).[1]

---

[1] This court need not address the constitutionality of section 56-5-2120(b) because our determinations that the officer had reasonable suspicion for the traffic stop and that the record contains no evidence of misconduct to warrant exclusion are dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (recognizing an appellate court need not reach the remaining issues when its determination of a prior issue is dispositive); *In re the Care & Treatment of McCracken*, 346 S.C. 87, 92, 551 S.E.2d 235, 238 (2001)

**AFFIRMED.**[2]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

(recognizing the supreme court's "firm policy to decline to rule on constitutional issues unless such a ruling is required").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.